```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

TRAVIS EDWARD MURRAY,

                Plaintiff,
    -vs-                             **No. 1:16-CV-00181 (MAT)**
                                         **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.
_____

## I.  Introduction

Represented by counsel, Travis Edward Murray ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted and the matter is reversed and remanded solely for the calculation and payment of benefits.

## II.  Procedural History

The record reveals that in October 2012, plaintiff (d/o/b February 22, 1979) applied for SSI, alleging disability as of May 18, 2010. After his applications were denied, plaintiff requested a hearing, which was held via videoconference before administrative law judge Robert T. Harvey ("the ALJ") on July 24, 2014. The ALJ issued an unfavorable decision on October 14, 2014.

The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

At step one of the five-step analysis, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since October 9, 2012, the application date. At step two, the ALJ found that plaintiff had the following severe impairments: cannabis abuse and dependence, depression, and anxiety. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. In assessing the effects of plaintiff's mental impairments on his functioning, the ALJ concluded that plaintiff had mild restrictions in activities of daily living ("ADLs") and maintaining concentration, persistence, or pace, and moderate difficulties in social functioning. The ALJ found that plaintiff had experienced three prior episodes of decompensation, without discussing whether these episodes were of extended duration.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments including substance abuse, plaintiff retained the residual functional capacity ("RFC") to perform the "broad world" of work, with the following nonexertional limitations: "occasional limitations in the ability to understand, remember and carry out detailed instructions; frequent limitations in the ability to maintain regular attendance; occasional limitations in the ability to complete a normal workday

and workweek; occasional limitations in the ability to interact appropriately with the public; and frequent limitations in dealing with stress." T. 19. The ALJ found that "consider[ing] the entire record, including the medical evidence, the claimant's reported [ADLs], his testimony and the [medical] opinion evidence, . . . when factoring in claimant's substance abuse, he display[ed] disabling symptoms and functional limitations as noted above." T. 21.

At step five, the ALJ determined that, considering plaintiff's age, education, work experience, and RFC, no jobs existed in significant numbers in the national economy that plaintiff could perform. However, pursuant to the drug or alcohol abuse ("DAA") standards, see 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935, the ALJ went on to consider the effect of plaintiff's alcohol and drug abuse on the finding of disability, and concluded that if plaintiff stopped substance abuse, the remaining impairments would be severe, but plaintiff would have the RFC to perform the broad range of work with only the following nonexertional limitations: "occasional limitations in the ability to understand[,] remember and carry out detailed instructions; occasional limitations in the ability to interact appropriately with the public; and occasional limitations in dealing with stress." T. 24. Based on this RFC, the ALJ went on to conclude that, if plaintiff stopped substance abuse and considering his age, education, work experience, and RFC, jobs existed in the national economy which he could perform. Thus, the ALJ found that plaintiff's substance abuse disorder was a material

3

contributing factor to the disability determination. Accordingly, the ALJ found plaintiff not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ erroneously determined that drug addiction or alcoholism ("DAA") was a material factor contributing to his disability. Specifically, plaintiff contends that the ALJ failed to explain what (if any) evidence in the record supported his conclusion that, in the absence of DAA, plaintiff's limitations stemming from mental impairments would improve to the point that plaintiff was not disabled. For the reasons discussed below, the Court finds that the ALJ's decision was the product of legal error and was unsupported by substantial evidence.

Plaintiff points to the July 17, 2014 opinion of his treating psychiatrist, Dr. Monir Chaudhry. In that opinion, Dr. Chaudhry noted that he treated plaintiff on a biweekly basis and plaintiff was compliant with outpatient care, which he would need "long-term." T. 338. Dr. Chaudhry diagnosed plaintiff with major depressive disorder, noting symptoms of anxiety and depression, and

4

opined that he was unable to meet competitive standards in the areas of maintaining regular attendance and being punctual within customary, usually strict tolerances; completing a normal workday or workweek without interruptions from psychologically-based symptoms; and dealing with normal work stress. Dr. Chaudhry also opined that plaintiff was seriously limited in sustaining an ordinary routine without special supervision; working in coordination with or proximity to others without being unduly distracted; and accepting instructions and responding appropriately to criticism from supervisors.

According to Dr. Chaudhry, plaintiff had an "inability to manage work stress which results in missed work time and resistance to maintaining a routine work schedule," and he "frequently [had] problems with co-workers [and] supervisors resulting in significant distress." T. 340. Dr. Chaudhry acknowledged that substance abuse contributed to plaintiff's limitations, noting that plaintiff "self-medicate[d] for anxiety with marijuana." T. 342. Dr. Chaudhry reported that it was "unk[nown]" to what degree plaintiff's limitations would improve if he ceased use of marijuana. The ALJ gave "significant" weight to Dr. Chaudhry's opinion "that [plaintiff's] substance abuse contribute[d] to [his] anxiety and to his assessed functional limitations." T. 21, 28.[1]

---

[1] The ALJ gave little weight to the only other functional assessment in the record, which came from consulting state agency examining psychologist Yu-Ying Lin, finding that this opinion was internally inconsistent. The Court notes that neither party has taken issue with the weight given to Dr. Lin's opinion.

5

Under the Act, a claimant "shall not be considered to be disabled . . . if [DAA] would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 1382c(a)(3)(J); see also 20 C.F.R. § 416.935. The burden of proof is on plaintiff to establish that DAA is immaterial to the disability determination. See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 123 (2d Cir. 2012); SSR 13–2p.

As plaintiff points out, SSR 13-2p provides clear guidelines to ALJs regarding the DAA analysis. See SSR 13-2p, Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 2013 WL 621536 (S.S.A. Feb. 20, 2013). Pursuant to that ruling, ALJs are to proceed through a six-step analysis in determining materiality of DAA. In this case, the ALJ proceeded through the first five steps of the DAA analysis and found that plaintiff's limitations, including DAA, were disabling. In so doing, the ALJ gave significant weight to Dr. Chaudhry's treating opinion as noted above. The last question pursuant to SSR 13-2p is whether "the other impairment(s) [in this case, depression and anxiety] improve to the point of nondisability in the absence of DAA[.]." Id. at *5. Plaintiff argues that the ALJ did not support his affirmative answer to this question with substantial evidence. The Court agrees.

Plaintiff's depression and anxiety are "co-occurring mental disorders" for purposes of the DAA analysis. SSR 13-2p instructs:

> To support a finding that DAA is material, we *must* have evidence in the case record that *establishes* that a claimant with a co-occurring mental disorder(s) *would not*

6

>    *be disabled* in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.

Id. at *9 (emphasis added). Therefore, although it is the plaintiff's burden to establish disability "throughout the sequential evaluation process," id. at *4, in the case of co-occurring mental disorders, the Commissioner "*will find* that DAA is not material . . . to the determination of disability *and allow the claim* if the record is *fully developed* and the evidence *does not establish* that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA."[2] Id. at *9 (emphasis added).

As plaintiff correctly argues, this language is quite restrictive and requires that the record conclusively establish that, in the absence of DAA, plaintiff's condition would improve *to the point of nondisability.* The Court agrees with plaintiff that the ALJ failed to properly apply the DAA analysis and that his conclusion that plaintiff would not be disabled in the absence of DAA is unsupported by substantial evidence. Initially, the Court finds that this record is fully developed and notes that neither party argues otherwise. The ALJ found that, considering this evidence, plaintiff's limitations would be disabling when all of

---

[2] The full text of this sentence reads, "We will find that DAA is not material *to material* to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA." Id. at *9 (emphasis added). The emphasized text appears to be a typographical error which has yet to be corrected by the Administration.

7

his impairments, including DAA, were considered. The Commissioner does not dispute this preliminary finding. The Court finds that the finding was supported by substantial evidence in the record, including Dr. Chaudhry's opinion as to plaintiff's functional limitations. Therefore, unless substantial evidence in the record showed that absent DAA plaintiff would not be disabled, the ALJ was required to enter a finding of disability pursuant to SSR 13-2p. See id. at *9.

In proceeding to the question of whether plaintiff would be disabled by his co-occurring mental disorders *in the absence of DAA*, the ALJ incorrectly framed the question as whether DAA contributed to plaintiff's limitations. As SSR 13-2p makes clear, the question is not whether DAA is a contributing factor to disability, but rather whether evidence in the record establishes that, but for the DAA, plaintiff's limitations would render him not disabled. After giving significant weight to Dr. Chaudhry's opinion that plaintiff's substance abuse contributed to plaintiff's mental disorders, the ALJ went on to conclude that, apparently based on information contained in plaintiff's psychiatric records, plaintiff would not be disabled if he stopped using marijuana. However, a careful review of the record reveals no evidence indicating that, in the absence of DAA, plaintiff's "co-occurring mental disorder(s) would improve *to the point of nondisability* in the absence of DAA." SSR 13-2p, 2013 WL 621536, at *9 (emphasis added). For example, the record reveals no "period of abstinence . . . long enough to allow the acute effects of [DAA] to abate." Id. at *12; see also id. at

8

*4 (noting that "[t]here does not have to be evidence from a period of abstinence for the claimant to meet his or her burden of proving disability.").

Moreover, Dr. Chaudhry's opinion that it was "unknown" to what extent plaintiff's limitations would be affected by abstinence, in combination with the lack of evidence in the record to that effect, indicates that substantial evidence in the record did not support the ALJ's conclusion that plaintiff was not disabled. See id. at *9 ("[W]e *must* have evidence in the case record that *establishes* that a claimant with a co-occurring mental disorder(s) *would not be disabled* in the absence of DAA.") (emphasis added).

Considering the substantial evidence of record, the ALJ's finding that plaintiff's limitations were disabling when considered together, and the lack of evidence establishing that plaintiff would *not* be disabled but for DAA, this Court has "no reason to doubt that plaintiff is disabled under the Act." Franz v. Colvin, 91 F. Supp. 3d 1200, 1218 (D. Or. 2015). Accordingly, this case is remanded solely for the calculation and payment of benefits. See id.; see also Schanzenbaker v. Colvin, 2014 WL 943351, at *10 (E.D. Wash. Mar. 11, 2014) (reversing for calculation of benefits where ALJ's finding that DAA was material to disability was the result of improper legal analysis and unsupported by substantial evidence).

## V. Conclusion

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Doc. 12) is denied and plaintiff's

motion (Doc. 8) is granted. This matter is reversed and remanded solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:   April 6, 2017
         Rochester, New York.